


*7621 13th Avenue, Brooklyn NY 11228*
*718.303.1702  Office*
*718.395.1732  Fax*
*JIandolo@jiandololaw.com*

> Plaintiff moves to compel discovery. Specifically, Plaintiff moves to compel responses to the initial disclosures and Plaintiff's document requests. The responses to the initial disclosures were due on or before July 27, 2020. The document requests were served on August 7, 2020, with a deadline of August 28, 2020. Depositions of the two defendants have been noticed for September 21, 2020 and September 28, 2020. No motion for a protective order has been made with respect to those motions and no issue is pending before the Court with respect to those depositions. Defendants respond with a copy of the initial disclosures which they state were not previously served due to an error. They claim that they cannot provide discovery because defendant Anastasios Belesis is presently out of the country and his return has been delayed due to the COVID-19 virus. No further information is provided. Mr. Belesis's apparent absence from the country has not prevented him from making a lengthy motion to dismiss accompanied by a declaration signed by him in New York on July 23, 20202. (Dkt. No. 17-1). Rule 37(a)(3) gives the Court the power to compel discovery when a party fails to produce documents as requested under Rule 34. The Court exercises that power. Defendants are ordered to respond to the document requests by 9:00 a.m. on September 21, 2020. The clerk is directed to close the motion at Dkt. No. 21.
>
> 9/16/2021
> LEWIS J. LIMAN
> United States District Judge

**By ECF**
Honorable Lewis J. Liman
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
Courtroom 15C
New York, NY 10007-1312

    **RE:   Varbero v. Belesis, et al.**
           **Case No.: 20-CV-02538 (LJL)**

Dear Judge Liman:

September 16, 2020

    As you are aware, our firm represents Plaintiff Anthony Varbero ("Plaintiff") in the above referenced matter.

    We are in receipt of opposing counsel's correspondence dated September 15, 2020 in opposition to our letter to the Court regarding the Defendant's discovery abuses (the "Opposition") and compelled to submit this brief reply.

    The Opposition predicates the Defendants' ongoing omissions on Mr. Belesis purportedly suffering from COVID-19 overseas:

> "Defendants have thus far been unable to provide the remaining discovery demanded by Plaintiff. This is due to the fact that Defendant Anastasios Belesis is presently out of the country. His return has been delayed due to the covid-19 virus. Mr. Belesis caught the virus while abroad and was quarantined. He is scheduled to return to the States during the first week of October….He will not be available for his deposition on September 21. In addition, should this Court rule favorably on Defendant's pending motion to dismiss much of the material requested by Plaintiff will be unwarranted."

    As an initial matter, it is not the "remaining discovery" at issue –but rather all the discovery. Not a single document has been produced by the Defendants to date.

    Moreover, the Defendants' motivation in brazenly disregarding their discovery obligations has now become readily apparent as they counting their proverbial chickens before they hatch. It is based on their factually unfounded and legally misplaced belief that this Court stands on the

precipice of providing the Defendants' with imminent relief from having to produce any discovery in the guise of a dismissal of this proceeding.

Finally, we would be remiss if we failed to draw the Court's attention to the fact that opposing counsel has already utilized this excuse on Mr. Belesis' behalf. Specifically, Mr. Schwartz previously informed another Judge in the Southern District of New York (Naomi Reice Buchwald) in an unrelated matter that Mr. Belesis had purportedly been suffering from COVID-19 and quarantined **since mid-April 2020** and therefore unable to fulfill his obligations in that matter:

> "Mr. Belesis caught the virus and was incapacitated for almost two months. Mr. Belesis is now abroad attempting to secure the funds required to pay off the debt due Plaintiff….However, in this case there have been extenuating circumstances that have impeded payment. Such things occur in life and cannot always be anticipated or planned for. I am simply requesting that your Honor consider this before denying my request which I can assure the Court is being made in good faith."
>
> (Exhibit A)

Opposing counsel has now gone to the "good faith" well one time too many while his clients contemporaneously "anticipate" and "plan". Given the Defendants' recent sale of what is believed to be their single largest asset (a condominium in Tribeca believed to be worth in excess of $5,000,000), time is of the essence in the progression of this proceeding including, without limitation, the Defendants' prompt production of discovery as well as deposition of Mr. Belesis and Mrs. Belesis.

As we trust the Court is aware, neither COVID-19 nor any corresponding quarantine lasts for five (5) months. Indeed, the fact that opposing counsel would even continue to proffer this as an excuse on Mr. Belesis' behalf is, to put it mildly, utterly disingenuous and deeply troublesome.

Accordingly, we implore the Court to see the Defendants' machinations for what they truly represent – a transparent attempt to mislead it while concomitantly securing its imprimatur on delays which will adversely impact the Plaintiff's ability to collect upon any Judgment ultimately secured in this matter.

Thank you for your continued consideration in this matter.

Respectfully,
*Jeremy Iandolo*
Jeremy Iandolo, Esq.