```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ANTONY VARBERO,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :      20-cv-2538 (LJL)
         -v-                                                     :
                                                                 :      MEMORANDUM AND
ANASTASIOS P. BELESIS, et al.,                                   :            ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2020

LEWIS J. LIMAN, United States District Judge:

Defendants move to quash a subpoena duces tecum served on Michael F. Schwartz ("Schwartz"), a non-party attorney representing Defendants in this matter. The subpoena seeks records of certain financial transactions between Schwartz and the Defendants. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff Anthony Varbero was retained by Defendant Anastosis Belesis ("A. Belesis") to represent him in a number of securities-related lawsuits brought by former clients of Belesis during his time as President and CEO of John Thomas Financial. Dkt. No. 4 at 1-2. In this lawsuit, Plaintiff now seeks payment of legal fees owed by Belesis for services rendered under two promissory notes executed by A. Belesis during the period of representation. Dkt. No. 4 at 2-3. Plaintiff alleges in the complaint that A. Belesis orchestrated a series of fraudulent conveyances among himself, Tabitha Belesis ("T. Belesis"), and the corporate defendants, which Plaintiff alleges are wholly owned and controlled by the individual defendants and were used as

instruments to perpetrate the alleged fraud. *See generally Varbero v. Belesis*, 2020 WL 5849516, at *1-5 (S.D.N.Y. Oct. 1, 2020) (describing in detail the background of the case and the allegations alter-ego and fraudulent conveyance).

On October 7, 2020, Plaintiff served a subpoena duces tecum on Schwartz requesting production of "any and all financial transactions, whether by wire check or the like, between 1/1/16 and Present between you [sic] company and Tabitha Belesis; Crown Enterprises LLC; Lugano Ventuesr LLC; and Anastasios Belesis." *See* Dkt. No. 46 at 1. In the Complaint, Plaintiff alleged that "[A.] Belesis has used various corporate entitles and the Trust to shield his assets from known creditors or protentional creditors." Dkt. No. 4 at 6. Plaintiff contends that evidence has emerged in discovery that Schwartz is involved in Defendants' alleged scheme to hide money from creditors; in particular, Plaintiff identifies certain payments in 2017 and 2019 from Schwartz to T. Belesis. *See* Dkt. No. 48 at 1; *Id*. Exs. A and B. Plaintiff also avers that at deposition T. Belesis stated that she did not know why Schwartz made those payments to her. In moving to quash the subpoena, Schwartz argues that the request is overbroad and that the information sought is protected by the attorney-client privilege. Dkt. No. 46 at 1.

## DISCUSSION

Fed. R. Civ. Pro. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties." *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) ("subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)") (internal quotations omitted).

The Court proceeds with care in analyzing the subpoena. Plaintiff seeks documents from a third party who not only has provided legal services to Defendant, but is Defendant's counsel in this very matter. "Courts have been particularly concerned about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests," lest a request to counsel apparently legitimate on its face reflects the intent or has the impact of interfering with or burdening a party's choice of counsel. *Patsy's Italian Rest., Inc. v. Banas*, 2007 WL 174131, at *2 (E.D.N.Y. Jan. 19, 2007) (citing *Hickman v. Taylor*, 329 U.S. 495, 501-14 (1947)) (quashing a subpoena seeking documents and deposition testimony from plaintiff's attorney); *cf cf Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729–30 (8th Cir. 2002) (noting that courts must "guard against the harassing practice of deposing opposing counsel ... that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process") (internal quotation omitted). For example, in this Circuit, depositions of opposing counsel are "disfavored," *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003), even if they are not categorically prohibited. *Banas*, 2007 WL 174131, at *2 (citing *Yonkers Bd. Of Educ.*, 946 F.2d 180, 185 (2d. Cir 1991)). Dicta in *In re Friedman* regarding the factors to be considered in determining whether to permit deposition of a party's attorney is also instructive for considering the instant document requests. There the Second Circuit stated:

> [T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.

350 F.3d at 72.  If the discovery can be obtained from other sources thus eliminating the need to obtain it from the lawyer herself, and if the discovery is of marginal relevance, the case for permitting it is weakened.

These factors clearly weigh against enforcing the subpoena here.  As currently phrased, the subpoena runs the risk of implicating privileged communications between attorney and client and/or privileged attorney work product, including with respect to this very litigation.  *See Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 560 (S.D.N.Y. 1994) ("attorney fee arrangements, including the general purpose of work performed, are not generally protected from disclosure by the attorney-client privilege . . . '[but] certain correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.'") (quoting *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127 (9th Cir. 1992)) (internal citation omitted).  The Court cannot ignore that the time period for the requested documents coincides with the period of the dispute between Plaintiff and Defendant and extends into the many months during which this litigation has been pending.  In other words, it seeks to understand the financial arrangements between a party and its current counsel.

Moreover, Plaintiff has not sufficiently demonstrated, on this record, that the documents he seeks are of more than marginal relevance: the complaint contains no allegations of Schwartz's involvement in the alleged fraud or of any transfers between Defendants and Schwartz, and the subpoena seeks records of transactions between 2016 and present, after the conduct alleged in the complaint.  *See*, *Morelli v. Alters*, 2020 U.S. Dist. LEXIS 207362, at *11 (S.D.N.Y. Nov. 5, 2020) ("[T]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the

proceedings."). Plaintiff argues in opposition to the instant motion that Schwartz serves as a conduit for ongoing fraudulent transfers among the defendants, but that claim does not correspond to any allegation in the complaint and on the record before the Court it appears to be based on little more than speculation.

Finally, to the extent the information has some marginal relevance, Plaintiff has not demonstrated that the information he is seeking cannot be obtained from a source other than Defendant's current counsel, such as through subpoenaing financial institutions through which any transfers were executed to obtain not just the transfers with counsel but any other transfers that Plaintiff has reason to believe are relevant and fraudulent. Unlike the instant subpoena, such a request would presumably not run the risk of harassing or interfering with Defendant's choice of counsel.

Considering the sensitive nature of any discovery request served on a party's counsel, and without a clear showing why the information sought is relevant and cannot be obtained elsewhere, the Court concludes that the "burden . . . of the proposed discovery outweighs its likely benefit" and that the discovery sought is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The motion to quash is GRANTED.

SO ORDERED.

Dated: December 1, 2020
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge