Law Office of Jeremy Iandolo
7621 13th Avenue, Brooklyn NY 11228
718.303.0802 Office

December 7, 2020

**<u>VIA ECF</u>**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street – Courtroom 15C
New York, New York 10007

**Re:**  *Varbero v. Belesis*, et al. Case No.  20 – CV – 02538 (LJL)

Dear Judge Liman:

Plaintiff submits this detailing the status of the above captioned case.

First, on October 7, 2020, the Court conducted an hearing pertaining to the defendants various discovery deficiencies and whether sanctions should be imposed upon the defendants. Notwithstanding the Court reserving its decision on whether to sanction the defendants, the Court ordered the defendants to comply with the following discovery deadlines:

- Responses to Plaintiff's Interrogatories by 5:00 p.m. on Monday, October 12, 2020;

- Defendants production of documents responsive to Plaintiff's Request for Documents by 5:00 p.m. on Monday, October 12, 2020;

- Tabitha Belesis 7-hour video deposition on October 16, 2020; and

- Anastasios Belesis 7-hour video deposition on October 22, 2020.

The Defendant Tabitha Belesis did not produce the dissolution documents, corporate dissolution documents, all her completed bank accounts and statements ordered by the Court.

Third, Tabitha Belesis deposition was taken where she stated that "she there were many bank accounts at different banks", whereas, she admitted not producing "all bank statements, credit card statements, corporate formation documents, closing documents, and properly executed tax returns for any of the defendants, corporate tax returns that have been requested. Furthermore, Mrs. Belesis declined to file IRS authorization forms to release all the properly executed and filed taxes.

In fact, Tabitha Belesis acknowledged that she did not produce all the tax documents, and only produced the first page of her Citibank account in a screen shot form immediately before her deposition. She only produced the additional pages of bank statements days after her deposition. These additional pages revealed relevant information that would have been inquired about, such as $20,000.00 deposits from other sources and accounts that were not disclosed prior to the deposition.

Furthermore, Mrs. Belesis indicated that she wires the $11,000.00 monthly rent payment from one of her bank accounts, however, Mrs. Belesis never turned over the bank account or account where she wires the $11,000.00 monthly rent payments. Mrs. Belesis also acknowledged that she has paid over $55,000.00 in rent payments in the last few months, yet has not produced the records of where the money is coming in from, which account, and where it is being paid to. These are very important facts relevant to the claims the Plaintiff made where the Defendants are intentionally evading credits through complex schemes of bank accounts, business entities and third-parties, such as their attorneys.

Finally, Plaintiff has made four separate requests subsequent to the Court's Ordering of Mr. Belesis's deposition, to take Mr. Belesis's deposition, which have fell on deaf ears. Mr. Belesis refuses to provide dates for his 7-hour deposition, so Ordered by the Court.

Therefore, the Plaintiff respectfully requests the Court to rule on the sanctions motions pending before this Court; Ordering Mr. Belesis 7-hours of testimony; the continued deposition of Mrs. Belesis based on the newly produced documents, which were intentionally withheld prior to her deposition, and Ordering the Defendants to sign IRS authorization release forms.

cc: Michael Schwartz, Esq. via ECF

Respectfully submitted,
*/s/ Jeremy Iandolo*

On October 7, 2020, the Court held a hearing at which it ordered, *inter alia*, that Defendant Anastasios Belesis appear for deposition on October 22, 2020 for seven hours, not including break time, *see* Dkt. No. 40 at 16:12-15, and that, by October 12, 2020 at 5:00 p.m., Defendants produce "all bank statements, credit card statements, corporate formation documents, 2019 tax returns for any of the defendants, corporate tax returns that have been requested for any of the defendants, documents relating to the sale of the apartment within the possession, custody or control of any of the Defendants," as well as "any corporate dissolution documents" *id.* at 24:20-25:4; 27:7-10. The Court also ordered that Defendant had a "continuing obligation to produce any other documents that come in after" October 12, 2020. *Id.* at 25:3-4. This letter alleges that the above orders have not been complied with.

IT IS HEREBY ORDERED that the Court will hold a telephonic hearing on Friday, December 11, 2020 at 10:00 a.m. At that date and time the parties are directed to dial the Court's teleconference number at 888-251-2909 (access code: 2123101).

IT IS FURTHER ORDERED that Defendants Tablitha Belesis and Anastasios Belesis shall appear at the telephone hearing prepared to give testimony to show cause why they should not be held in contempt of Court or have other sanctions imposed on them for failure to comply with Court orders.

IT IS FURTHER ORDERED that by Wednesday, December 9, 2020 at 5:00 p.m., Plaintiff shall file with the Court a transcript of the deposition taken of Tabitha Belesis.

SO ORDERED. 12/8/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge