```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/29/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ANTONY VARBERO,                                                    :
:
                          Plaintiff,                               :
:          20-cv-2538 (LJL)
            -v-                                                    :
:          MEMORANDUM AND
ANASTASIOS P. BELESIS, et al.,                                     :          ORDER
:
                          Defendants.                              :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Antony Varbero ("Plaintiff" or "Varbero") moves the Court to enforce a settlement agreement between him and Defendant Anastasios Belesis ("Belesis"). Dkt. Nos. 84-85. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on March 25, 2020 against Belesis as well as individual defendant Tabitha Belesis and corporate defendants 2008 Anastasios Belesis Irrevocable Trust US Dated Sept. 2008, Tomtab LLC, Crown Enterprises, LLC, and Lugano Ventures, LLC (collectively, "Defendants"), to recover debts allegedly owed to Plaintiff in connection with his legal representation of Belesis beginning in January 2015. Dkt. No. 4 ¶ 16.[1] On October 1, 2020, the Court granted in part Defendants' motion to dismiss but sustained certain claims against each Defendant for breach of contract, aiding and abetting breach of

---

[1] The factual allegations and the basis for Varbero's claims against each of the Defendants in this action are detailed in the Court's prior Opinion and Order granting in part Defendants' motion to dismiss. *See* Dkt. No. 36; *Varbero v. Belesis*, 2020 WL 5849516 (S.D.N.Y. Oct. 1, 2020).

contract, and fraudulent conveyance in violation of New York Debtor and Creditor Law Sections 273, 275, and 276. *See id.* On October 14, 2020, the parties submitted a joint letter, signed by counsel for both parties, stating that "[o]n October 12, 2020 the parties have [sic] reached an agreement to resolve the action[] [w]hereby the Defendants agreed to make 6 installment payments beginning on or before November 1, 2020; with the last payment due on June 15, 2021." Dkt. No. 42. The parties requested that, in light of the settlement, certain outstanding discovery motions be held in abeyance. *Id.* They further requested that the case "be held open until the June 15, 2021 which is when the final payment is due according to the settlement terms. Holding the case open will preserve Plaintiff's rights and allow for the quick intervention of the Court, should it be necessary." *Id.* The Court endorsed the parties' motion, ordering that the case be stayed until June 15, 2021. Dkt. No. 43. On November 16, 2020, however, Plaintiff filed a letter motion to reopen the case on grounds that Belesis had failed to make "any of the payments" contemplated in the purported settlement agreement and failed to cure his default within the relevant time period. Dkt. No. 44 at 1. By text order of the same day, the Court granted Plaintiff's motion to lift the stay and reopen the case. The parties proceeded with discovery, and a trial date was set for April 19, 2021. *See* Dkt. No. 78.

On February 24, 2021, Plaintiff filed the instant motion to enforce the settlement agreement, as executed by Varbero on October 30, 2020 and by Belesis on November 3, 2020. Dkt. Nos. 83-85; Dkt. No. 85-1 ("Settlement Agreement"). Pursuant to the terms of the Settlement Agreement, Belesis is obligated to pay the principal sum of $925,000 to Varbero in installments as follows: the first $100,000 on or before November 1, 2020; the second $100,000 on or before November 15, 2020; and the remaining $725,000 in five installments consisting of four equal payments of $150,000.000 each on or before December 15, 2020, February 1, 2021,

2

March 15, 2021, and May 1, 2021, followed by a fifth and final installment of $125,000 on or before June 15, 2021.  Dkt. No. 85-1 ¶ 1.  In exchange, within five days of Belesis's timely payments of the entire settlement amount to Varbero, Varbero is obligated to authorize transmission from escrow of a fully executed release releasing all claims in this action against every Defendant, whereupon the parties would file a stipulation of dismissal with prejudice with the Court.  *Id* ¶ 2.  The Settlement Agreement states:

> Upon the [Belesis]'s timely payment of the Settlement Amount, this Settlement Agreement is intended to resolve to the fullest extent possible the claims asserted in [this action] and any motions, orders, or pending requests for sanctions under Fed. R. Civ. P. 11 or otherwise.  To that end, each of the [p]arties represents and warrants that all of his or their claims contemplated for release belong to him or them, and to no other person/entity, that no right, title, or interest to or in any of the claims subject to release or related causes of action has, or will be, assigned, sold, pledged, or otherwise transferred to any third party, whether by written oral agreement or by operation of law or otherwise, and that there are, and shall be, no liens relating to any claims subject to release herein, including any lien for attorneys' fees, that will not be fully satisfied and discharged as a result of this Settlement Agreement.  For purposes of clarity and avoidance of doubt, in the event the [Belesis] fails to timely pay the Settlement Amount to the Plaintiff, the Plaintiff specifically reserves any and all rights with respect to the Lawsuit including, without limitation, any motions, orders, or pending requests for sanctions under Fed. R. Civ. P. 11 or otherwise.

*Id*. ¶ 4.

The Settlement Agreement specifies that neither party admits any wrongdoing or liability by its execution.  *Id*. ¶ 5.  It also set forth the consequences of a default:

> In the event of any default in payment of any installment of the Settlement Amount with such non-payment remaining incurred for a period of five (5) days following notice thereof, the Plaintiff shall be entitled to entry of a final default judgment against [Belesis] in the full amount of his claims; namely One Million Fifty Thousand Dollars ($1,050,000.00) against [Belesis] less any portion of the Settlement Amount previously paid (the "Default Judgment") plus interest accumulating at a rate of nine percent (9%) per annum.  For purposes of clarity and avoidance of doubt, the existence of the Default Judgment against the Defendant shall in no way impact or impair the Plaintiff's ability to pursue joint and several liability in the Lawsuit pursuant to the Complaint . . . from [the Defendants excluding Belesis].

*Id.* ¶ 6.

The Settlement Agreement also provides for the award of attorney's fees to the prevailing party in the event of any "suit, action, arbitration or other proceeding of any nature whatsoever . . . arising out of or related to this Settlement Agreement."  *Id.* ¶ 15.  In such event "the prevailing party will be awarded their reasonable attorneys' fees and costs incurred."  *Id.*

Plaintiff alleges that Belesis has not made any payment under the Settlement Agreement.  Plaintiff provided Belesis with notice of default by email on November 9, 2020 and by email and letter on November 15, 2020.  Dkt. No. 81 at 5; Dkt. No. 81-2.  Plaintiff moves for entry of a judgment against Belesis as contemplated by the Settlement Agreement.  Dkt. No. 85 at 2.

## DISCUSSION

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)).  A "motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract.'"  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381(1994)).  Accordingly, settlement agreements "must . . . be construed according to general principles of contract law."  *United States v. Prevezon Holdings, Ltd.*, 289 F. Supp. 3d 446, 450 (S.D.N.Y. 2018) (citation omitted);

4

*see Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).  Thus, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation."  *Oprandy*, 490 F. App'x at 409 (quoting *Hallock v. State*, 485 N.Y.S.2d 510, 512 (1984)).

Belesis does not argue that the Settlement Agreement is the product of fraud, collusion, mistake, or accident.  He does not dispute that he executed the Settlement Agreement on November 3, 2020.  *Cf.* N.Y. C.P.L.R. § 2104 ("An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.").  Nor does he dispute Plaintiff's interpretation of the Settlement Agreement or argue that its terms are ambiguous, which they are not.  *Cf. Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) ("When an agreement is unambiguous on its face, it must be enforced according to the plain meaning of its terms.").  Nor does he dispute that he made no payments in satisfaction of the agreement, or that Plaintiff noticed his default on November 9 and 15, 2020.

Rather, Belesis makes two arguments that the Settlement Agreement cannot be enforced: (1) that enforcement would be unjust as "Defendant would owe the same debt to multiple parties" and (2) the promissory notes that are at issue in this litigation "lack the necessary consideration to be enforceable under New York State Law."  Dkt. No. 100 at 1.  Neither argument is availing.

Both of Belesis's arguments rest on a claim that by this action, Plaintiff is seeking to recover debts that are not owed to him, but that are owed to the law firm Joseph Mure Jr. &

Associates ("Joseph Mure") "for legal services rendered by Joseph Mure." *Id*.  Defendant avers "Plaintiff has not submitted [into] the record a single document from Joseph Mure indicating that Joseph Mure has assigned, transferred or set over unto Plaintiff the right to collect legal payment for legal services rendered by Joseph Mure to Belesis, nor has Plaintiff asserted that Joseph Mure has done so." *Id*. at 1-2.  Belesis submits retainer agreements between himself and Joseph Mure for legal services, *see* Exhibits to Dkt. No. 99, and argues that "Belesis never retained the services of Plaintiff during [the period between 2015-2019, at issue in this litigation]," Dkt. No. 100 at 3.  From these allegations Belesis argues that the Settlement Agreement is "predicated on a debt owed to a non-party in this action" and that the Settlement Agreement seeks to enforce promissory notes that are "inherently impermissibly vague as they could only refer to a debt owed to a third party." *Id*. at 22.

Belesis's arguments may bear on resolution of the merits of Plaintiff's claims in this action, but they are entirely irrelevant to whether the Settlement Agreement is enforceable.

"The law is well settled that in order for a promise to be enforceable as a contract, the promise must be supported by valid consideration." *Startech, Inc. v. VSA Arts*, 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000).  "Consideration is defined as either a bargained for gain or advantage to the promisee or a bargained for legal detriment or disadvantage to the promisor." *Id*. at 237.  Belesis's arguments mistake the enforceability of the notes underlying this action—i.e. the merits of Plaintiff's claim—with the enforceability of the Settlement Agreement.  The consideration to which Belesis—and all Defendants—is entitled by the terms of the Settlement Agreement is Plaintiff's release of his claims.  The adequacy of such consideration does not depend at all on the enforceability of the underlying notes or on the merits of any of Plaintiff's claims.  The very purpose of any settlement agreement is to forego the need to ascertain the extent of liability (or

6

whether there is liability at all)—and the attendant costs of doing so—and for both sides to eliminate the risk of an unfavorable outcome. It is therefore not necessary, in determining whether a settlement agreement is enforceable, to inquire at all into the merits of the underlying claims. *Cf. Kokkonen*, 511 U.S. at 380 (addressing a district court's ancillary jurisdiction and noting that "the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement [regarding those claims] have nothing to do with each other"); *Honeywell Int'l, Inc. v. Purolator Prod. Co.*, 468 F.3d 162, 163-64 (2d Cir. 2006) (a settlement agreement which "explicitly preserved the issue of . . . liability for attorneys' fees and costs . . . mooted all issues other than plaintiffs' . . . motion for attorneys' fees and costs"). Notably, the Settlement Agreement states that "[n]othing [in it] . . . is or may be deemed, construed or used, in any civil, criminal or administrative proceeding in any court, administrative agency, or tribunal, as an admission or evidence of any wrongdoing by or liability of any of the Parties." Dkt. No. 85-1 at 5. It is similarly not dependent on the *fact* of any wrongdoing. The consideration proffered by Varbero is not strictly relief of any Defendant's particular contractual obligation to pay moneys owed to Varbero pursuant to the underlying notes—the Settlement Agreement makes no statement whether such obligations exist—rather, it is a release of:

> [A]ll actions, suits, debts, dues, liens, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, risks known or unknown, payment of future medical expenses, payment of future wage expenses, claims and demands whatsoever, in law, admiralty or equity, which against [the Defendants], [Varbero], [Varbero's] heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of this Release including, but not limited to claims that were or could have been asserted in [this action].

Dkt. No. 85-1 at 11; *see id*. at 3.

Such release constitutes a "bargained for gain or advantage" to Belesis, *Startech*, 126 F. Supp. 2d at 236, and indeed is a form of the familiar consideration a defendant receives for payment in countless actions that are resolved by settlement. As Plaintiff aptly points out, "[a]ccepting Defendants' argument would necessarily mean that any contract where a lack of consideration is raised as a defense would automatically be incapable of ever being settled by the parties to the dispute." Dkt. No. 101 at 4.

Nor is Belesis's assertion that the Settlement Agreement would result in Belesis "ow[ing] the same debt to multiple parties," Dkt. No. 100 at 1, grounds for not enforcing it. Whether Belesis owes a debt to a third party pursuant to the notes underlying this action is entirely irrelevant to whether Plaintiff can release *his* claims allegedly arising out of those notes in exchange for money payments. Pursuant to the Settlement Agreement, "each of the Parties represents and warrants that all of his or their claims contemplated for release belong to him or them, and to no other person/entity." Dkt. No. 85-1 at 4. *Cf. In re Aegean Marine Petroleum Network Inc.*, 599 B.R. 717, 725 (Bankr. S.D.N.Y. 2019) ("[T]wo parties cannot, by agreement, dispose of claims that belong to a third party. . . . Instead, a claim that belongs to a third party may only be resolved through litigation on the merits, or on terms to which the third party agrees.") (citing *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986)). Whether Belesis does or does not owe moneys to a third party pursuant to the instruments underlying this action is irrelevant to Varbero's ability to release his claims in exchange for payment.[2]

---

[2] In his reply, Plaintiff submits declaration of Joseph Mure asserting that Mure is "owed no moneys by Anastasios Belesis and any representation to the contrary on his behalf are false." Dkt. No. 101-2 at 2. This declaration is not necessary to the disposition of the instant motion.

For the foregoing reasons, Plaintiff has established a valid and enforceable settlement agreement as to which Belesis has defaulted.  Accordingly, Plaintiff is entitled to a judgment against Belesis awarding Plaintiff the principal amount, interest, and attorneys' fees contemplated by the Settlement Agreement.  *See Colburn Fam. Found. v. Chabad's Child. of Chernobyl*, 739 F. Supp. 2d 614, 622 (S.D.N.Y. 2010) ("[D]efault provisions in settlement agreements are commonly enforced.") (collecting cases); *see, e.g.*, *Kasperek v. City Wire Works, Inc.*, 2009 WL 691945, at *1, *4 (E.D.N.Y. Mar. 12, 2009) (granting judgment in favor of plaintiffs for defendants' default under the parties' settlement agreement, which required defendants to pay plaintiffs $525,000, plus interest, in designated installments); *Schaefer v. Smigel*, 2009 WL 174795, at *1, *4 (S.D.N.Y. Jan. 22, 2009) (enforcing the terms of a default provision of a settlement agreement, which required defendants to pay reasonable attorneys' fees, costs, and 6% post-judgment interest that plaintiff incurred in filing, enforcing, and collecting a judgment); *Sheet Metal Workers' Nat'l Pension Fund v. Jersey Sheet Metal Works, Inc.*, 2009 WL 150927, at *1 (E.D.N.Y. Jan. 21, 2009) (granting plaintiffs' motion to enforce the terms of a default provision in the parties' settlement agreement, which provides that, "[u]pon default by defendant(s), defendant(s) consent to the entry of a judgment against them, jointly and severally, without further notice, in the amount of $603,542.76, plus interest of 8.5% per annum, and attorney's fees and costs . . . from the date the payment was due, less any amounts paid"). Such judgment will not resolve any claims against the Defendants other than Belesis, which remain pending.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the Settlement Agreement against Belesis is GRANTED.  Plaintiff is directed to file a proposed judgment as to the principal sum and interest owed by Belesis for his default under the Settlement Agreement.

Plaintiff may make a motion for attorneys' fees on or before 5:00 p.m. on March 31, 2021; Belesis may respond to the motion no later than 5:00 p.m. on April 2, 2021.

IT IS FURTHER ORDERED that the trial date in this case is ADJOURNED by one week, from April 19, 2021 to April 26, 2021.  As previously discussed with the parties, the trial will proceed IN PERSON in the United States Courthouse at 500 Pearl Street, New York, NY 10007.  The Court will hold a pretrial conference on April 22, 2021 at 5:30 p.m., also IN PERSON, in Courtroom 15C in the United States Courthouse at 500 Pearl Street, New York, NY 10007.  The parties must observe the courthouse's health and safety protocols, which are available at: https://nysd.uscourts.gov/sites/default/files/2021-03/phased%20reentry%203.24.pdf.

SO ORDERED.

Dated: March 29, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge